Christian, J.,
delivered the opinion of the court.
This is a writ of error to a judgment of the circuit court of Patrick county. The action was ejectment brought by the plaintiffs in error to recover a tract of land containing 1,280 acres purchased by them at a sale made by the treasurer of said county, for taxes assessed and unpaid upon said land.
On the trial a jury was waived and the matter of both law and fact were submitted to the court.
There was a judgment for the defendants. To this judgment a writ of error was awarded by one of the judges of this court.
The court is of opinion, that there is no error in the judgment of the circuit court.
The facts disclosed by the record so far as they are material to be noticed, in our view of the case, are as follows • Robert A. Terry on the 16th of February, 1864, and before that time, was the fee simple owner of the tract of land in controversy. His title to the land is nowhere questioned. On that day he conveyed the same by deed (through John Staples, his attorney in fact) to Wyndham Robertson and Benjamin K. Buehannan for the consideration expressed in said deed of twenty,-nine thousand; dollars.
*14 On the same day the deed was acknowledged before a notary public by Robert A. Terry, ihe grantor, and deto the grantees; but, for some reason (owing probably f° tke confusion of the times consequent upon the civil war, and the military government which succeeded, and afterwards through forgetfulness and inadvertence) it was not recorded in the county of Patrick until the 16th July, 1874.
On the land-books for the year 1865, this tract of land stood charged to Robert A. Terry, and assessed at the value of $5,132; the state tax upon which assessed value was $10.26 ; which sum, together with the county levies ’ of that year, made up the sum of $16.01, the amount of unpaid taxes for which said land was returned delinquent.
Whether the land was afterwards transferred on the land books does not distinctly appear. But it does appear in the record that the taxes on said land, from the year 1866 to year 1874 inclusive, were paid by Wyndham Robertson, one of the defendants in error, or his agent.
The unpaid tax, therefore, for which the land was delinquent was that for the year 1865, when it stood charged on the land-books to Robert A. Terry, and amounted to the sum of $16.01.
Proceedings were taken under the statute “concerning the sale of delinquent lands,” and the land in controversy was sold at public auction by the treasurer of Patrick county. The plaintiffs in error, Gates and Clark, became the purchasers at the price of $16.01, the amount for which •said land was delinquent. A deed was made by the clerk of the county court conveying the land to the purchasers.
Exceptions are taken in the record, and relied upon in argument here, as to the irregularity of these proceedings. Upon these questions the court does not deem it neces- . sary to express any opinion. Considering that in this case »the.proceedings were all regular, and in strict conformity *15 with the statute, yet the question we have to determine is, did the purchaser acquire such title by his purchase, ;.and deed from the clerk, as would prevail against the •of the defendants. The solution of this question depends upon the true construction to be given to one of the statutes providing for “the sale of delinquent lands.” The 20th section of ch. 38, of Code of 1873, is as follows:
“ Where the purchaser of any real estate so sold, his heirs •or assigns, shall have obtained a deed therefor according to the six preceding sections, and within six months from the date of such deed, shall have caused the same to be recorded in the court of the county or corporation in which such real estate shall lie, such estate shall stand vested in the grantee, in such deed, as it was vested in the party assessed with the taxes (on aoeount whereof the sale was made), ■at the commencement of the year for which the said taxes were assessed, notwithstanding any irregularity in the proceedings, under which the said grantee claims title, unless such irregularity appear on the face of the proceedings.”
Now it is clear that under this section, Terry being “the .party assessed with the taxes (on account whereof the sale was made) at the commencement of the year (to wit: the year 1865) for which the taxes were assessed,” Gates and Clark took, under their purchase at the treasurer’s sale, •only such title as Terry had on the 1st day of January, 1865. On that day Terry had no title. He had parted with his title nearly twelve months before; for on the 16th day of February, 1864, he had, for a valuable ■consideration, conveyed the land to Robertson and Buchannarn.
Upon familiar and well established common law principles, a plaintiff in ejectment can only recover on the strength of his own title. Tf he has no title, whatever may be the defect of the title of the defendant in possession, he must go out of court. In the case before us, the ¡plaintiffs (standing in the -shoos of Terry) were without *16 title, while the defendants had a perfect title. It is plain,, therefore, that a judgment for the defendants was the pro- - per judgment to be entered by the circuit court.
It is insisted, however, by the learned counsel for the appellants, that because the deed from Terry to Robertson and Buchanan was not recorded in the county of Patrick before the tax sale and purchase by the plaintiffs in error,, they acquired no title as against the commonwealth; that the state had a lien upon the land for the taxes, and had a right to enforce that lien by a sale of the land and a conveyance of the same to the purchasers; and that the title thus conveyed would override a title, though perfect, if' unrecorded in the county where the delinquent land lay.
How it is at least questionable whether the registration acts apply to the state, in a case like the present; whether in the meaning of those acts the state, having a lien on land, can be regarded as a creditor, or purchaser for value. However this may be, and of this it is not necessary to express an opinion, it is certain that the statute above referred to fixes the right of the parties, and declares what title a purchaser shall take in lands sold for delinquent taxes.
"Whatever may be said about the policy and power of the state to preserve and enforce its lien for taxes against all claimants, and to give a good title against all alienees, thg only question is, how has the stale exercised this power ? She has declared through her legislature, in plain and unmistakable terms, admitting of but one interpretation, that the only title which she guarantees to purchasers at sales made by her agents of lands delinquent for taxes is such title “as was vested in the party assessed with the taxes at the commencement of the year for which the said taxes were assessed.” If such party at that time had no title, then the purchaser at the tax sale acquires none. If such statute be inefficient, it is for the legislature to amend it, and make it more efficient. This court can only declare *17 ■what the law is, not what it ought to be. All we can say is, “ Ita est scripta lex.”
The court is therefore of opinion that there is no error in the judgment of the circuit court of Patrick county, •and that the same be affirmed.
Judgment affirmed.